IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADOLFO PATINO OCHOA,

        Petitioner,

v.                                                            NO. Civ 02-1522 WPJ/LFG

IMMIGRATION AND
NATURALIZATION SERVICE,

        Respondent.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.      On December 3, 2002 [doc. 1], Petitioner Adolfo Patino Ochoa ("Ochoa") filed this Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2241. On December 13, 2002, Respondent filed its response in opposition to Ochoa's petition and requested dismissal of this matter. [Doc. 4.]

2.      Ochoa's petition asserts that he is being or has been subjected to illegal detention for deportation purposes subsequent to completing his sentence of imprisonment. [Doc. 1, Motion, p. 2.] Ochoa alleges due process, equal protection and Eight Amendment violations. [Doc. 1, Motion and Memorandum.] The Court takes judicial notice that Ochoa's petition and supporting brief are form documents.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

3.      Ochoa is a native and citizen of Colombia. [Doc. 4, Exs. 1, 3.] He makes no claim that he has legal immigration status in the United States, and indeed concedes that he is a deportable alien. [Doc. 1, Memorandum, p. 7.]

4.      At the time Ochoa filed this petition, he was serving a sentence in the Bureau of Prisons for a drug trafficking conviction.[2] [Doc. 4, Ex. 2.] On June 7, 2000, an immigration judge had ordered Ochoa removed from the United States to Colombia. [Doc. 4, Immigration Decision, attached as Ex. 3.]

5.      Ochoa was scheduled to be released from custody on December 24, 2002, but was then subject to the prior order of removal. [Doc. 4, Ex. 2.]

6.      On April 2, 2003, the Court wrote to the parties requesting an update on Ochoa's removal status. On April 7, 2003, the government responded, stating that Ochoa was processed for removal on March 21, 2003 but that his government sponsored flight to Colombia was missed. He was then re-scheduled to depart the United States to Colombia near the end of April 2003. [Government's April 7, 2003 letter and exhibits.] The government recently provided additional information that Ochoa departed the United States to Colombia on April 28, 2003. [Government's April 29, 2003 letter and exhibits.]

7.      The primary injury alleged by Ochoa's § 2241 petition was his claim that he was going to be held indefinitely by the INS pending removal from the United States. This did not occur, however, and he has since been removed from the country. Thus, his release from detention and

---

[2]Had Ochoa's petition requested a stay of the removal order, depending on the circumstances raised, the Court might have recommended that a stay be granted until the Court was able to review the petition and response. However, the petition did not request a stay, and the Court has found no authority permitting it to *sua sponte* recommend or issue such a stay.

removal to Colombia moots his challenges to the legality of any alleged indefinite period of detention. <u>Riley v. INS</u>, 310 F.3d 1253, 1257 (10th Cir. 2002); <u>Sule v. INS</u>, 189 F.3d 478 (Table, Text in Westlaw), 1999 WL 668716 at *1 (10th Cir. July 22, 2002).

8. In addition, Ochoa is unable, under these circumstances, to demonstrate any "collateral consequences" that might survive notwithstanding resolution of his primary alleged injury. <u>Sule</u>, at *1. Because Ochoa was released from custody or detention, a "favorable judicial decision" is unlikely to redress "actual injury traceable" to his detention. <u>Id.</u> Thus, his petition cannot survive and must be dismissed.

## Recommended Disposition

9. That Respondent's request to dismiss [doc. 4] be GRANTED and that this matter be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

3